# EXHIBIT A

**SUM-100**



# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT
COUNTY OF
SAN BERNARDINO

NOV 25 2019

BY
VERONICA GONZALEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CENTRAL TRANSPORT LLC, ALEX BONALES and DOES 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL FRANCO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* San Bernardino Superior Court - Civil | *(Número del Caso):* |

247 W. Third St.
San Bernardino CA  92415

CIV DS 1935570

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sandra H. Castro Esq. 3200 Inland Empire Blvd., Ste. 265 Ontario CA  91764 (909)989-2700

| DATE: *(Fecha)* | NOV 25 2019 | Clerk, by *(Secretario)* | VERONICA GONZALEZ | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1    Sandra H. Castro, Esq. SBN#207475
     Kathleen A. Castro, Esq. SBN#312495
2    LAW OFFICES OF SANDRA H. CASTRO, INC.
     3200 Inland Empire Blvd., Ste. 265
3    Ontario CA 91764
     Telephone No: (909)989-2700
4    Facsimile No:   (909)989-2733
     castro@lawservicesonline.com
5    kathleen@lawservicesonline.com

6    Kristen B. Brown, Esq. SBN#208030
     LAW OFFICES OF KRISTEN B. BROWN
7    900 W. 17th St., Ste. C
     Santa Ana CA 92706
8    Telephone No: (714)564-7695
     Facsimile No:   (714)766-8440
9    krisbrownesq@yahoo.com

10

     Attorneys for Plaintiff MANUEL FRANCO

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                COUNTY OF SAN BERNARDINO

14

15    MANUEL FRANCO,          CASE NO.:   CIV DS 1935570

16          **Plaintiff,**      PLAINTIFFS' COMPLAINT FOR DAMAGES

17        vs.

                              1. **Discrimination; Violation of CA Govt Code Sec. 12940 (a); LC Sec. 98.6**

18    **CENTRAL TRANSPORT LLC, ALEX BONALES and DOES 1 to 20,**

19                         2. **Harassment; Violation of CA Got Code Sec. 12940 (j)**

           **Defendants.**

20                         3. **Retaliation; Violation of CA Govt Code Sec. 12940 (h)**

21

22                         4. **Wrongful Termination In Violation of Public Policy; Violation of CA Govt Code Sec. 12940**

23

24                         5. **Failure to Prevent Retaliation/Harassment/ Discrimination; Failure to Supervise; Violation of Govt Code Sec. 12940 (i) (k)**

25

26                         6. **Failure to Accommodate; Violation of CA Govt Code Sec. 12940 (m)**

27

28                         7. **Failure to Engage in Good Faith**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

NOV 25 2019

BY_____
VERONICA GONZALEZ, DEPUTY

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA 91874
(909)989-2700

COMPLAINT FOR DAMAGES

Interactive Process; Violation of CA Govt Code Sec. 12940 (n)

8. **Violation Of Family Medical Leave Act/California Family Rights Act/Kin Care Leave; Violation of CA Gov Code Sec. 12945.2 et seq, CA LC 233**

9. Breach of Oral and Implied Contract

10. **Intentional Infliction of Severe Emotional Distress**

**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, MANUEL FRANCO, with this Complaint for Damages and for causes of action alleged as follows that Defendants violated the Fair Employment and Housing Act and Article I, Sec. 8 of the California Constitution and case and statutory law by on-going and continuing violations in unlawful discrimination, harassment and retaliation based of Plaintiff on the basis of ancestry, race, national origin, immigration status, color, language, engagement in a protected activity, requesting, requiring and taking leave time to care for a family member, returning to work after leave time, association with a member of a protected status, failure to prevent such actions, negligent hiring/retention/supervision of supervisors/managers, wrongful termination, breach of oral and implied contract, and intentional infliction of severe emotional distress.

Defendants' actions were a substantial factor in causing Plaintiff harm. By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.     Plaintiff is a resident situated within the County of San Bernardino and legally meet all standing and capacity to sue requirements to bring the causes of action contained herein.

2.     Plaintiff is informed and believes, and on that basis hereby alleges, that

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 268
Ontario CA 91874
(905)588-2700

COMPLAINT FOR DAMAGES

Defendant CENTRAL TRANSPORT LLC is a business entity of unknown type doing business

within the State of California and is operating and doing business therein; with locations in

California and is thereby subject to the jurisdiction of the State of California and of this court and its

judicial district. All respective defendants complained of herein are in some manner vicariously

liable for the acts and/or omissions of the other likewise complained of herein, jointly and severally.

3.     Plaintiff is informed and believes, and on that basis hereby alleges, that Defendant

ALEX BONALES is an individual, of unknown residence, was, at all relevant times, a

Supervisor/Manager at Defendants and the Supervisor/Manager of Plaintiff and is therefore subject to

the jurisdiction of the State of California and of this court and its judicial district. All respective

defendants complained of herein are in some manner vicariously liable for the acts and/or omissions

of the other likewise complained of herein, jointly and severally.

4.     At present Plaintiffs, believing that each of the named defendants and DOE

defendants (1 to 20) are in some manner responsible for the acts and/or omissions herein

complained of, and as Plaintiffs are presently unaware of, and have not yet ascertained, the true

identity nor capacity of each of said DOE defendants named herein, plaintiffs therefore pray for

leave of court to amend this Complaint when such identities and capacities become known and

ascertained.

5.     Plaintiffs are informed and believe, and on that basis allege, that defendants

DOE 1 through 20 were, at all relevant times mentioned herein, respectively employed by, or acting

as an agent, independent contractor, instrumentality or affiliate of defendants and plaintiffs further

so allege that said DOE defendants are each a natural person, business and/or unincorporated

association residing and/or operating within and subject to the jurisdiction of the State of California,

and are likewise subject to the jurisdiction of this court. All respective defendants complained of

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA 91764
(900)889-2700

COMPLAINT FOR DAMAGES                    3

herein are in some manner vicariously liable for the acts and/or omissions of the other likewise complained of herein, jointly and severally.

6.    Plaintiff timely filed a complaint of discrimination with the California Department of Fair Employment and Housing and received a Notice of Case Closure and Right to Sue Notice on or about Nov. 26, 2018.  Defendants were served with these documents.  Plaintiff satisfied the statutory administrative requirements prior to filing this Complaint for Damages.

7.    Plaintiff was a non-exempt employee working for Defendants as a Dock/Warehouse/Fork Lift Drivers.

7.    Plaintiff is a male of Hispanic heritage.  Throughout Plaintiff's employment he encountered and suffered on an on-going and continuing basis discrimination, harassment and retaliation from Defendants due to his association with a member of a protected class, or the perception of such, his nationality, race, national origin, ancestry, immigration status, color, language, requesting, using and returning from protected leave time and Plaintiff's engagement in a protected activity/ies.  Plaintiff had to endure from Defendant, including ALEX BONALES, rude comments, insults, exclusion, differing work and employment terms and benefits, discipline and termination due to requesting, using and attempting to return to work after taking protected leave time.

14.    Plaintiff informed his supervisor ALEX BONALES numerous times that he needed protected leave time to care for his gravely ill father who resides out of the country.  Plaintiff was finally allowed a short leave time in order to travel to visit and care for his ill father.  Defendants counted "attendance points" for this protected leave time.

15.    When Plaintiff returned to report back to work, ALEX BONALEZ required that Plaintiff sign untranslated disciplinary paperwork, written in English, prior to allowing Plaintiff to return to work.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(909)989-2700

COMPLAINT FOR DAMAGES                                                4

16.     Uncertain of the contents of the paperwork Defendants required Plaintiff to with no translation offered or provided, Plaintiff objected to signing the paperwork as presented. Defendants terminated Plaintiff for his refusal to sign the English language paperwork.

17.     Defendants' actions were a substantial factor in causing Plaintiff harm.  By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.  Due to the behavior and actions/inactions of Defendants, Plaintiff was damaged.  Plaintiff suffered general and special damages, exemplary damages and severe emotional distress.

## FIRST CAUSE OF ACTION

## DISCRIMINATION

**Violation of CA Govt Code Sec. 12940 (a); LC 98.6**

**Against CENTRAL TRANSPORT and DOES 1 to 20**

18.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

19.     Throughout Plaintiff's employment he encountered and suffered on an on-going and continuing basis discrimination, harassment and retaliation from Defendants due to his association with a member of a protected class, or the perception of such, his nationality, race, national origin, ancestry, immigration status, color, language, requesting, using and returning from protected leave time and Plaintiff's engagement in a protected activity/ies.  Plaintiff had to endure from Defendant, including ALEX BONALES, rude comments, insults, exclusion, differing work and employment terms and benefits, due to requesting, using and attempting to return to work after taking protected leave time.

20.     Plaintiff, at the time of the discrimination, harassment, retaliation and termination, was a member of a protected class/es, due to his engagement in protected activities, requesting,

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 263
Ontario CA  91874
(809)989-2700

COMPLAINT FOR DAMAGES

5

utilizing protected leave time, association with a member of a protected class, nationality, race, national origin, immigration status, ancestry, color, and language. Plaintiff suffered adverse employment actions by Defendants. Plaintiff had to endure from Defendant, including HILDA BONALES, rude comments, insults, exclusion, differing work and employment terms and further discipline and termination due to requesting, using and attempting to return to work after taking protected leave time.

21.    Defendants' actions were a substantial factor in causing Plaintiff harm. By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief. Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

22.    Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct cause thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## SECOND CAUSE OF ACTION

### HARASSMENT

**Violation of CA Govt Code Sec. 12940 (j)**

**Against ALL DEFENDANTS and DOES 1 to 20**

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 255
Ontario CA 91874
(909)989-2700

COMPLAINT FOR DAMAGES

23.     Plaintiffs hereby incorporate by reference in this cause of action the above

paragraphs as if more fully set forth in detail herein.

24.     Plaintiff is a male of Hispanic heritage.  Throughout Plaintiff's employment he

encountered and suffered on an on-going and continuing basis discrimination, harassment and

retaliation from Defendants due to his association with a member of a protected class, or the

perception of such, his nationality, race, national origin, ancestry, immigration status, color,

language, requesting, using and returning from protected leave time and Plaintiff's engagement in a

protected activity/ies.  Plaintiff had to endure from Defendant, including ALEX BONALES, rude

comments, insults, exclusion, differing work and employment terms and benefits, discipline and

termination due to requesting, using and attempting to return to work after taking protected leave

time.

25.     Plaintiff informed his supervisor ALEX BONALES numerous times for

protected leave time to care for his gravely ill father who resides out of the country.  Plaintiff was

finally allowed a short leave time in order to travel to visit and care for his ill father.  Defendants

counted "attendance points" for this protected leave time.

26.     When Plaintiff returned to report back to work, ALEX BONALEZ required that

Plaintiff sign untranslated disciplinary paperwork, written in English, prior to allowing Plaintiff to

return to work.

27.     Uncertain of the contents of the paperwork Defendants required Plaintiff to sign, and

with no translation offered or provided, Plaintiff objected to signing the paperwork as presented.

Defendants terminated Plaintiff for his refusal to sign the English language paperwork.

28.     Plaintiff suffered and was subjected to unwelcomed harassment by Defendants

when Defendants made statements, comments to Plaintiff race, nationality, ancestry, immigration

status, language, and engagement in protected activity/ies.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(909)989-2700

COMPLAINT FOR DAMAGES

7

29.     Plaintiff suffered adverse employment actions including discipline and termination, refusal to allow Plaintiff to return to work.

30.     The harassment affected a term, condition or privilege of Plaintiff's employment by not having equal benefits of employment, a place of employment free from harassment and retaliation, and other items including discipline, refusal to allow return to work and termination.

31.     Defendants actions towards Plaintiff did actually cause Plaintiff harm and he be damaged.

32.     Defendants knew or should have known of the harassment and failed to take prompt, immediate, remedial action in that the Employer, or agents for the Employer, took the discriminatory and harassing actions against Plaintiff.

33.     Defendants' actions were a substantial factor in causing Plaintiff harm.  By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.  Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

34.     Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

///

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(866)848-2700

COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION

### RETALIATION

**Violation of** CA Govt Code Sec. 12940 (h)

**Against CENTRAL TRANSPORT LLC** and DOES 1 to 20

35.     Plaintiffs hereby incorporate by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

36.     Plaintiff engaged in protected activities as at the time of the discrimination, harassment, retaliation and termination in that Plaintiff was a member of a protected class, due to engagement in protected activities including nationality, language use, request, utilizing and returning from protected leave, association with a member of a protected class.

37.     Plaintiff further suffered and was subjected to unwelcomed retaliation when Defendants made insults, disparaged and intimidated Plaintiff concerning Plaintiff's perception of her, disability, nationality, race, national origin, immigration status, ancestry, color, language, whistleblowing and engagement in protected activity/ies.

38.     Defendants' actions were a substantial factor in causing Plaintiff harm. By was action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.  Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

39.     Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 205
Ontario CA  91874
(909)988-2700

COMPLAINT FOR DAMAGES

9

done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;

### Violation of CA Govt Code Sec. 12940

### Against CENTRAL TRANSPORT LLC and DOES 1 to 20

40.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

41.     Plaintiff was employed by Defendants and enjoyed all rights and responsibilities thereof.  Defendants, by and through its agents and with the authority granted them by Defendants disciplined and/or terminated plaintiff and did so for an unlawful reason and a reason that contravenes fundamental public policy in protecting the rights associated with a protected class/protected activity/ies.

42.     Defendants actions by the disciplining and/or other adverse employment actions did actually cause Plaintiff harm and to be damaged and the actions of Defendants caused adverse or harm to Plaintiff.

43.     Defendants' actions were a substantial factor in causing Plaintiff harm.  By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.  Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 285
Ontario CA 91874
(909)989-2700

COMPLAINT FOR DAMAGES

44.     Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT RETALIATION/HARASSMENT/DISCRIMINATION;

### FAILURE TO SUPERVISE

### Violation of CA Govt Code Sec. 12940 (i) (k) et seq

### Against CENTRAL TRANSPORT LLC and DOES 1 to 20

45.     Plaintiffs hereby incorporate by reference in this cause of action the above paragraphs the above as if more fully set forth in detail herein.

46.     Plaintiffs engaged in protected activities by being a protected class member and by engaging in protected activities including requesting, utilizing and returning from protected leave, objecting to English language paperwork that required a signature without translation and being associated with a member of a protected class.

47.     Defendants subjected Plaintiff to adverse employment actions due to this involvement in protected activities and being a member of a protected class including, but not limited to, discipline and being terminated.  Defendants knew of the retaliation by its agents due to the policy and practice, observations, reports by Plaintiff and inactions and omissions of Defendants and in that Defendants' own records indicate the retaliation, and continuing retaliation against

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA 91874
(909)989-3700

COMPLAINT FOR DAMAGES

13

Plaintiffs due to this protected activity. Defendants did nothing and in fact failed to prevent the retaliation and continuing retaliation by its agents.

418. Defendants' actions were a substantial factor in causing Plaintiff harm. By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, statutory fees, attorneys' fees, equitable and injunctive relief. Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

49. Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit. Said violations have actually and proximately caused and have been the substantial factor in causing Plaintiff physical and emotional injuries, loss of income and loss of earning capacity and resulting in Plaintiff sustaining general, special and exemplary damages, within the jurisdiction of this court according to proof and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE; VIOLATION OF CA GOVT CODE SEC. 12940 (M)

### Against CENTRAL TRANSPORT LLC and DOES 1 to 20

50. Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 263
Ontario CA 91874
(909)989-3700

COMPLAINT FOR DAMAGES

51.     Defendants perceived Plaintiff as having a physiological condition, disorder or disability, or Defendants knew, or should have known, about the physiological condition, disorder and disability of Plaintiff's family member as Plaintiff, informed Defendants of the need for leave and accommodations from Defendants and needed leave time.

52.     Defendants failed to appropriately and adequately accommodate Plaintiff regarding Plaintiff's known or perceived need for accommodation.

53.     As Plaintiff's protected activities, association and need for accommodation was known to Defendants, Defendants had an affirmative duty to accommodate Plaintiff.

54.     Defendants failed to determine effective reasonable accommodations despite knowing of Plaintiff need for accommodation and desire to continue to work.

55.     Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission.

56.     Defendants actions by the refusal of accommodations, refusal of to engage in the good faith interactive process and the continuing violations did actually cause Plaintiff harm and to be damaged.

57.     Defendants' actions were a substantial factor in causing Plaintiff harm.  By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief.  Said violations have actually and proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

58.     Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(909)989-2700

COMPLAINT FOR DAMAGES                    13

such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but

done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award

of punitive damages herein in that the Defendants were aware of the harmful, wrong and harmful

nature of the acts and knowingly and intentionally engaged in the acts for their own benefit. Said

violations have actually and proximately caused and have been the substantial factor in causing

Plaintiff physical and emotional injuries, loss of income and loss of earning capacity and resulting

in Plaintiff sustaining general, special and exemplary damages, within the jurisdiction of this court

according to proof and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS; VIOLATION OF

### CA GOVT CODE SEC. 12940 (N)

### Against CENTRAL TRANSPORT LLC and DOES 1 to 20

59.    Plaintiff hereby incorporates by reference in this cause of action the above

paragraphs as if more fully set forth in detail herein.

60.    Defendants were aware of Plaintiff's need for accommodation, engagement in

protected activities, request for leave and association with a member of a protected class.

61.    Defendants failed to engage in a timely, good faith, interactive process with Plaintiff

to determine effective reasonable accommodations despite knowing of Plaintiff's need.

62.    Defendants failed to engage in a timely, good faith, interactive process with Plaintiff

to determine effective reasonable accommodations based on Plaintiff's need and in response to a

request for reasonable accommodations by Plaintiff.

63.    As Plaintiff's need and association was known to Defendants. Defendants has an

affirmative duty to engage in the timely, good faith, interactive process in order to accommodate

Plaintiff's need.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(909)885-2700

COMPLAINT FOR DAMAGES

14

64.    Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission.

65.    Defendants actions by the refusal to engage in the process, refusal of accommodations and termination of Plaintiff did actually cause Plaintiff harm and to be damaged.

66.    Defendants' actions were a substantial factor in causing Plaintiff harm. By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, equitable and injunctive relief. Said violations have some proximately caused Plaintiff lost pay, lost wages, lost benefits of employment, physical and emotional injuries, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.

67.    Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes and thereon alleges that such acts and statements as engaged by Defendant were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit. Said violations have actually and proximately caused and have been the substantial factor in causing Plaintiff physical and emotional injuries, loss of income and loss of earning capacity and resulting in Plaintiff sustaining general, special and exemplary damages, within the jurisdiction of this court according to proof and attorneys' fees and costs.

## EIGHT CAUSE OF ACTION

## VIOLATION OF FAMILY MEDICAL LEAVE ACT/CALIFORNIA FAMILY RIGHTS ACT/KIN CARE LEAVE

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 205
Ontario CA 91764
(909)989-2700

COMPLAINT FOR DAMAGES                                    13

**Violation of CA Gov Code Sec 12945.2 et seq., CA LC Sec. 233**

**Against CENTRAL TRANSPORT LLC and DOES 1 to 20**

68.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

69.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned that Plaintiff worked at a location where at least fifty (50) employees were employed by her employer within 75 miles and therefore comes under the jurisdiction and regulations of the Family Medical Leave.   Plaintiff is informed and believes, and on that alleges, that at all relevant times herein mentioned that defendants regularly employed in California fifty (50) or more persons part-time or full-time and therefore comes under the jurisdiction and regulations of the California Family Rights Act.

70.     Plaintiff informed his supervisor ALEX BONALES numerous times that he needed protected leave time to care for his gravely ill father who resides out of the country.  Plaintiff was finally allowed a short leave time in order to travel to visit and care for his ill father.  Defendants counted "attendance points" for this protected leave time.

71.     When Plaintiff returned to report back to work, ALEX BONALEZ required that Plaintiff sign untranslated disciplinary paperwork, written in English, prior to allowing Plaintiff to return to work.

72.     Uncertain of the contents of the paperwork Defendants required Plaintiff to sign, and with no translation offered or provided, Plaintiff objected to signing the paperwork as presented. Defendants terminated Plaintiff for his refusal to sign the English language paperwork.

73.     Plaintiff suffered and was subjected to unwelcomed harassment by Defendants based when Defendants made statements, comments to Plaintiff race, nationality, ancestry, immigration status, language, and engagement in protected activity/ies.

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA  91874
(909)989-2700

COMPLAINT FOR DAMAGES                              16

74.     When Plaintiff requested, granted, needed and took time off, Defendants interfered with Plaintiff's right to take and taking of a lawful and approved leave and Defendants retaliated against and discriminated against Plaintiff. Plaintiff was harassed by supervisors for requesting/taking time off, and eventually Plaintiff was disciplined and terminated, in violation of the law.

75.     Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission by her termination for need and taking time to care for disabled family members as needed and requested by Plaintiff.

76.     Defendants actions by the refusal to accommodate Plaintiff, refusal to grant time off or other accommodations did actually cause Plaintiff harm and to be damaged.  Defendants' actions were a substantial factor in causing Plaintiff harm.

77.     Said violations have actually and proximately caused Plaintiff harm and to be damaged; loss of income and resulting in Plaintiff sustaining general, special damages, within the jurisdiction of this court according to proof and attorneys' fees and costs. Due to the actions/ inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## NINTH CAUSE OF ACTION

### BREACH OF ORAL, IMPLIED CONTRACT

### Against CENTRAL TRANSPORT LLC and DOES 1 to 20

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 255
Ontario CA  91874
(909)989-2700

COMPLAINT FOR DAMAGES

78.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs above as if more fully set forth in detail herein.

79.     Plaintiff and Defendants had an oral and implied contractual employment relationship shown by agreements, conduct and representations of the parties. Plaintiff and Defendant about policies and procedures concerning her terms and conditions of employment with Defendants concerning the terms and conditions of her employment, her work assignments, her rights and her employer's obligations with items such as and including, but not limited to, breaks, rest periods, overtime, wages, payroll and reporting to supervisors.

80.     Plaintiff was employed by Defendants and enjoyed all rights and responsibilities thereof.

81.     Defendants set out certain policies which they expected employees to abide by and adhere to during the course of their employment with Defendants.

82.     Defendants breached the employment contract when Defendants violated certain requirements and were in breach of the contract concerning Plaintiff's terms of employment with Defendants.

83.     Defendants actions and inactions of Plaintiff did actually cause Plaintiff harm and to be damaged. Said violations have actually and proximately caused Plaintiff general and special damages within the jurisdiction of this court according to proof.

84.     Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined.

## TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

#### Against All Defendants and DOES 1 to 20

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste.265
Ontario CA  91674
(909)988-2700

COMPLAINT FOR DAMAGES

85. Plaintiff hereby incorporate by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

86. By way of extreme and outrageous conduct transcending all bounds of decency in a civilized society, Defendants intentionally inflicted severe emotional distress upon Plaintiff of a sustained and long-lasting nature including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame.

87. Defendants conduct was outrageous, conduct going beyond all possible bonds of decency. Defendants abused positions or authority and/or Defendants' position gave Defendants real or apparent authority and power to affect Plaintiff's interests. Defendants intended to cause Plaintiff emotional distress or, Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred and the conduct did in fact occur.

88. At the time of Defendants actions Defendants knew that emotional distress would probably result from such conduct or that Defendants gave little or no thought to the probable effects of Defendants' conduct and Defendants' conduct or actions were a result of their power over Plaintiff, real or apparent. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress. Defendants knew Defendants' conduct would likely result in harm due to mental distress of Plaintiff.

89. Said violations have actually and proximately caused Plaintiff physical and emotional injuries, resulting in the medical care and treatment thereof, loss of income and loss of earning capacity and resulting in Plaintiff sustaining general and special damages within the jurisdiction of this court according to proof. Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believes

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd, Ste. 285
Ontario CA 91674
(909)989-2700

COMPLAINT FOR DAMAGES

and thereon alleges that such acts and statements as engaged by Defendants were so and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive would justify an award of **punitive damages** herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray judgment against Defendants as follows:

1)   On the First Cause of Action:

    a)   general damages within the jurisdiction of

        this court, and special damages according

        to proof; punitive damages;

    b)   costs of suit and pre-judgment interest at the

        legal rate; reasonable attorney's fees;

2)   On the Second Cause of Action:

    a)   general damages within the jurisdiction of

        this court, and special damages according

        to proof; punitive damages;

    b)   costs of suit and pre-judgment interest at the

        legal rate; reasonable attorney fees;

3)   On the Third Cause of Action:

    a)   general damages within the jurisdiction of

        this court, and special damages according

        to proof; punitive damages;

    b)   costs of suit and pre-judgment interest at the

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 205
Ontario CA 91674
(909)989-2700

COMPLAINT FOR DAMAGES

20

legal rate; reasonable attorney's fees;

4)   On the Fourth Cause of Action:

   a)   general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

   b)   costs of suit and pre-judgment interest at the legal rate; reasonable attorney's fees;

5)   On the Fifth Cause of Action:

   a)   general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

   b)   costs of suit and pre-judgment interest at the legal rate; reasonable attorney's fees;

6)   On the Sixth Cause of Action:

   a)   general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

   b)   costs of suit and pre-judgment interest at the legal rate; reasonable attorney's fees;

7)   On the Seventh Cause of Action:

   a)   general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

   b)   costs of suit and pre-judgment interest at the

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 266
Ontario CA 91874
(909)899-2700

COMPLAINT FOR DAMAGES

21

legal rate; reasonable attorney's fees;

8)    On the Eighth Cause of Action:

    a)    general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

    b)    costs of suit and pre-judgment interest at the legal rate; reasonable attorneys fees;

9)    On the Ninth Cause of Action:

    a)    general damages within the jurisdiction of this court,

    b)    costs of suit and pre-judgment interest at the legal rate;

10)    On the Tenth Cause of Action:

    a)    general damages within the jurisdiction of this court, and special damages according to proof; punitive damages;

    b)    costs of suit and pre-judgment interest at the legal rate; reasonable attorneys' fees;

///
///
///
///
///
///

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 260
Ontario CA 91874
(909)989-2700

COMPLAINT FOR DAMAGES

22

11)   Any and all such other and further relief as the court

deems lawful, just and proper.

Dated: Nov. 2, 2019                                    Respectfully submitted,

By:  _____

LAW OFFICES OF SANDRA H. CASTRO INC
Attorneys for Plaintiff MANUEL FRANCO

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 265
Ontario CA 91874
(909)988-2700

COMPLAINT FOR DAMAGES

**REQUEST FOR JURY TRIAL**

Plaintiff MANUEL FRANCO hereby respectfully requests a trial by jury in this matter.

Dated: Nov. 2, 2019

Respectfully submitted,

By: _____

LAW OFFICES OF SANDRA H. CASTRO, INC.
Attorneys for Plaintiff MANUEL FRANCO

LAW OFFICES OF
SANDRA H. CASTRO
3200 Inland Empire Blvd. Ste. 205
Ontario CA 91674
(909)868-2700

COMPLAINT FOR DAMAGES

24