UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-5 JGB (SHKx)** | Date | March 2, 2020 |
|---|---|---|---|
| Title | *Manuel Franco v. Central Transport LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 14); and (2) VACATING the March 9, 2020 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Manuel Franco's Motion for Remand. ("Motion," Dkt. No. 14.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court VACATES the hearing set for March 9, 2020.

## I.    BACKGROUND

On November 25, 2019, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants Central Transport LLC, Alex Bonales, and Does 1-10. ("Complaint," Dkt. No. 1-1.) The Complaint alleges ten causes of action: (1) Discrimination; Violation of CA Govt Code Sec. 12940(a); LC Sex. 98.6; (2) Harassment; Violation of CA Govt Code Sec. 12940(j); (3) Retaliation; Violation of CA Govt Code Sec. 12940 (h); (4) Wrongful Termination in Violation of Public Policy; Violation of CA Govt Code Sec. 12940; (5) Failure to Prevent Retaliation/Harassment/Discrimination; Failure to Supervise; Violation of CA Govt Code Sec. 12940(i)(k) et seq.; (6) Failure to Accommodate; Violation of CA Govt Code Sec. 12940 (m); (7) Failure to Engage in Good Faith Interactive Process; Violation of CA Govt Code Sec. 12940 (n); (8) Violation of Family Medical Leave Act/California Family Rights Act/Kin Care Leave; Violation of CA Govt Code Sec. 12945.2 et seq., CA LC Sec. 233; (9) Breach of Oral, Implied Contract; and (10) Intentional Infliction of Severe Emotional Distress. (Complaint.)

On January 2, 2020 Defendant Central Transport LLC ("Defendant") removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on

February 3, 2020.  Defendant opposed the Motion on February 14, 2020.[1]  ("Opposition," Dkt. No. 15.)  In support of the Opposition, Defendant filed a request for judicial notice.[2]  ("Request," Dkt. No. 16.)  Plaintiff failed to reply.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists.  A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought."  28 U.S.C. § 1441(b)(2).  And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

## III. DISCUSSION

Defendant removed this case based on federal question jurisdiction, arguing that Claim Eight alleges a violation of a federal statute—the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").  (Notice of Removal at 2.)  Plaintiff argues that removal was improper because the Court lacks federal question jurisdiction.  He insists that Claim Eight does not allege a violation of FMLA but instead "[t]he allegations that make up the basis for the Eight Cause of Action are based ENTIRELY on the California Civil Jury Instruction . . . entitled "California

---

[1] Defendant failed to submit chambers copies of both the Opposition and the Request as is required by the Court's standing order.  (See Dkt. No. 13 at 4.)  Any further failure to comply with the Court's standing order will result in sanctions.

[2] Because the Court did not rely on any of the documents submitted with the Request, the Request is DENIED AS MOOT.

Family Rights Act." (Motion at 6.)  Plaintiff does, however, acknowledge that "'Family Medical Leave Act' is used as part of a heading and used once in the body of the complaint." (Id.)

FMLA is a federal statute.  If Plaintiff brings a claim for a violation of FMLA, this Court has jurisdiction.  If, as he argues, he only brings California state law claims, the Court lacks jurisdiction.

After reviewing the Complaint, the Court concludes that Claim Eight does in fact allege a violation of FMLA.  First, both the Claim Eight heading and the caption page specifically refer to the Family Medical Leave Act—strong evidence that Plaintiff brings a claim for a violation of FMLA.  (Complaint at 1, 15.)  Second, Plaintiff alleges facts that speak directly to the elements required to prove an FMLA violation.  For example, he alleges that "Plaintiff worked at a location where at least fifty (50) employees were employed by her employer within 75 miles." (Complaint para 69.)  The FMLA excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C.A. § 2611(2)(B)(ii).  The California Family Rights Act, however, has no such restriction.  If Plaintiff only intended to bring a claim for violation of the California Family Rights Act, there would be no need for him to make such specific allegations.

Because the Complaint alleges a violation of FMLA, the Court has federal question subject-matter jurisdiction.  Removal, therefore, was proper.  See Benefiel v. Exxon Corp., 959 F.2d 805, 807 (9th Cir. 1992) ("[I]t is enough to observe that the basis for federal question jurisdiction was pleaded on the face of the [] complaint . . . . Although plaintiffs now deny any intention to pursue a [federal claim,] the complaint itself, reasonably read, sets forth such a claim and the defendants were entitled to remove.")

## IV.    CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion.  The March 9, 2020 hearing is VACATED.


**IT IS SO ORDERED.**